IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| D.B., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 4:20-cv-00254-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

_____

# ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for disability insurance benefits, finding that he is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The claimant bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1)(A).  In addition to meeting the requirements of the statute, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled.  *Id*. § 404.1520(b).  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id*. § 404.1520(a)(4)(ii).  A claimant must have a "severe impairment," which is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id*. § 404.1520(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Subpart P to Part 404 of the Regulations (the "Listing").  *Id*. § 404.1520(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id*. § 404.1520(a)(4)(iv).  Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work.  20 C.F.R. § 404.1520(a)(4)(v).  In

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id*. § 404.1523(c). The Commissioner's failure to apply correct legal standards to the evidence is ground for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits on October 16, 2017, alleging that he became disabled to work on August 1, 2017. His claim was denied initially on March 22, 2018, and upon reconsideration on June 20, 2018. Tr. 15. He timely requested an evidentiary hearing before an ALJ on August 6, 2018, and one was held on March 5, 2020. Tr. 15, 31. Plaintiff appeared with his attorney and testified, as did an impartial vocational expert ("VE"). Tr. 15. On May 28, 2020, the ALJ issued an unfavorable decision denying his claim. Tr. 15-30. Plaintiff sought review by the Appeals Council but was denied on September 30, 2020. Tr. 1-3. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying his application. His case is ripe for review. 42 U.S.C. §405(g).

## STATEMENT OF FACTS AND EVIDENCE

On the date he alleges he became disabled to work, Plaintiff was forty-two years old and classified as a "younger individual" under the Commissioner's regulations. Finding 7, Tr. 25; 20 C.F.R. § 404.1563. He has more than a high school education and prior relevant work as an infantryman and aircraft mechanic in the military. Findings 6, 8, Tr. 24-25. In conducting the five-step sequential analysis used by the Commissioner in evaluating claims

4

for disability, the ALJ found, at step two, that Plaintiff has severe impairments of left shoulder arthropathy, obstructive sleep apnea, post-traumatic stress disorder ("PTSD"), and major depressive and generalized anxiety disorders. Finding 3, Tr. 18. At step three, the ALJ determined that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 18-21. Between steps three and four, the ALJ established that Plaintiff retains the RFC to perform light work with exertional and non-exertional limitations. Finding 5, Tr. 21-24. Then, at step four, the ALJ found this RFC did not allow Plaintiff to resume any of his past relevant work. Finding 6, Tr. 24-25. At step five, the ALJ elicited testimony from the VE that Plaintiff can work as a cleaner, collator operator, or marker, and that there are a significant number of these jobs available to him in the national economy. Finding 10, Tr. 25-26. The ALJ, therefore, found Plaintiff to not be disabled to work. Finding 11, Tr. 26.

## DISCUSSION

Plaintiff contends that the ALJ's decision to deny him disability is unsupported by substantial evidence because the ALJ failed to specify whether he found the opinion of two consultative examiners, Drs. Rebecca Stephens and Stacie Ueckert, to be persuasive or not as required by the Commissioner's regulations. Pl.'s Br. 3-5, ECF No. 16; 20 C.F.R. § 404.1520c. Clearly, however, the ALJ first distinguished what portions of Dr. Stephens' clinical notes met the standard of "medical opinions[.]" Tr. 24; 20 C.F.R. § 404.1513(a)(2), (a)(3). Then, to the extent that Dr. Stephens' notes reflected her "perspective about the claimant's functional abilities and limitations" and therefore met the definition of "medical

opinions", the ALJ incorporated those limitations into the RFC. Tr. 18-20. While the ALJ did not expressly use the term "persuasive," any failure to do so is mere harmless error and does not warrant remand. *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005).

Further, Plaintiff asserts that the ALJ, in assessing Plaintiff's RFC, did not consider his alleged impairments of cubital tunnel syndrome, amnestic disorder, low stress tolerance, and environmental limitations due to tinnitus. Pl.'s Br. 5-7. Plaintiff bears the burden of proving his impairments and their limiting effects. *Larry v. Comm'r of Soc. Sec.*, 506 F. App'x 967, 970 (11th Cir. 2013). Minimal treatment and improvement with medication—in this case over-the-counter medication as Tylenol—along with Plaintiff's self-described daily activities of working out in a gym and coaching football undermine his claim that these omitted exertional impairments either exist or resulted in any functional limitation. *Perez v. Comm'r of Soc. Sec.*, 625 F. App'x 408, 419 (11th Cir. 2015) (per curiam). Indeed, as noted by the ALJ, during the period Plaintiff asserts he was disabled to work, he earned $8,000 as a high school football defensive coordinator—an amount which if annualized would be above the level of substantial gainful activity. Finding 2, Tr. 17. While Plaintiff is correct that Dr. Ueckert opined that Plaintiff's tinnitus may limit his ability to hear if working in a noisy background, the Commissioner correctly points out that the jobs the VE identified have no hearing or listening requirements. Def.'s Mem. in Supp. 9, ECF No. 17; *see also* Dictionary of Occupational Titles §§ 323.687-014, 208.685-010, 239.567-010. Again, any error is therefore harmless, and remand would be without purpose. *Moore*, 405 F.3d at 1214.

Finally, Plaintiff contends the ALJ did not develop the record regarding his Veterans

6

Affairs ("VA") rating. Pl.'s Br. 7-8. The ALJ is under no obligation under the Commissioner's revised regulations to address another agency's rating. 20 C.F.R. §§ 404.1504, 404.1520b(c)(1). Throughout his decision, however, the ALJ discussed the medical evidence from the VA and incorporated large parts of that evidence into his RFC assessment. Plaintiff has not pointed to any "gap" in the medical evidence related to his records other than the decision by the VA to assign a disability rating under that department's regulations promulgated for its own purposes apart from disability under the Social Security Act. By the Commissioner's regulations, this numerical rating is neither valuable nor persuasive, and while the ALJ thoroughly reviewed and considered the medical evidence on which the rating was based, he was under no obligation to do more.

As such, the Commissioner of Social Security's final decision to deny Plaintiff disability insurance benefits is well supported by substantial evidence and is, therefore, AFFIRMED.

SO ORDERED, this 2nd day of March, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE